# Brown Appeal

*William C. Crosswell,* for appellant.
*James R. McManus, III,* for appellee.

MUELLER, JR., *P.J.,* October 21, 1985—Before the court is the appeal of Gary G. Brown (appellant) from the decision of the Zoning Hearing Board of Manor Township (board).

Appellant is the owner of a tract of land containing approximately four and one-half acres located at 2885 Charlestown Road in Manor Township. The property is located in an R-A Agricultural-Rural Zoning District as identified by the Manor Township Zoning Ordinance and Zoning Map. The property contains two buildings, measuring approximately 60 feet by 100 feet and approximately 22 feet by 30 feet, used for apellant's engineering and contracting business. The current use of these buildings is a lawful nonconforming use granted by the board in 1979.

On March 15, 1985, appellant filed a request with the board for a special exception and a variance for the purpose of expanding his business. He requested a special exception to change the existing nonconforming use to a different nonconforming use under section 1706.f[1] of the zoning ordinance,

1. "1706.f Changes: A nonconforming use of a building or land may be changed to a use of an equal or more restricted

and in the alternative, a special exception under section 1706.c.2[2] of the zoning ordinance to expand his nonconforming use. In addition, appellant requested a variance pursuant to section 1806.c[3] of

classification when authorized as a special exception by the Zoning Hearing Board."

2. "1706.c Extensions:

. . . .

"2. A nonconforming use may be extended upon a lot occupied by such use and held in single and/or separate ownership at the effective date of this Ordinance when authorized as a special exception; provided that such extension does not replace a conforming use, does not violate the yard and coverage requirements of the zone in which the nonconforming use exists, and, regardless of changes in lot coverage, a proposed expansion shall not exceed 50 percent.

3. "1806.c Variances: Applications for variances from the requirements of this Ordinance shall be made in writing to the Board on a form specified for such purpose.

"1. The Board may grant a variance provided the following findings are made where relevant, in a given case:

"a. That there are unique physical circumstances or conditions, including irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

"b. That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Ordinance and that the authorization of a variance is therefore necessary to enable reasonable use of the property;

"c. That such unnecessary hardship has not been created by appellant;

"d. That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use of development of adjacent property, nor be detrimental to the public welfare; and

the zoning ordinance to expand his nonconforming use to a greater extent than permitted by special exception.

A public hearing on appellant's application was held on April 17, 1985. At the board's meeting on May 15, 1985, the board voted on appellant's request and announced its decision orally. The board concluded that section 1706.f of the zoning ordinance was irrelevant to appellant's application. Appellant's request for a special exception under section 1706.c.2 of the zoning ordinance was granted which permits appellant to expand the area of his buildings by an additional 50 percent, but his request for a variance under section 1806.c to expand by a greater amount was denied. The board's written decision was dated June 14, 1985.

An appeal was taken from the decision of the board to the Court of Common Pleas of Lancaster County on July 5, 1985. Briefs having been filed and oral argument before an en banc panel of this court having been waived, the matter is ready for disposition.

Appellant first argues that his application, including his request for a variance under section 1806.c of the zoning ordinance, is deemed approved due to the board's failure to provide written notice of its decision within 45 days of the hearing held on April 17, 1985. After a review of the record and the relevant statute and case law, we must agree.

The record reveals that at the conclusion of the April 17,1985 hearing before the board, the chair-

---

"e. That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

In granting any variance, the Board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this Ordinance."

man stated: "We will render our decision at the next meeting with no testimony taken. *Make sure it's noted that the testimony is closed.* We will render a decision at the next meeting" N.T. 4/17/85 at 96, Emphasis added. A public meeting was held on May 15, 1985, and at that time the board orally voted unanimously to grant appellant's request for a special exception, but to deny his application for a variance. The board issued a written decision on June 14, 1985, which was received by appellant on June 17, 1985.

Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §10908(9), provides in pertinent part:

"The board or the hearing officer, as the case may be, shall render a written decision, ... on the application within 45 days after the last hearing before the board or hearing officer.... Where the board ... fails to render the same within the period required by this subsection, the decision shall be deemed to have been rendered in favor of the applicant...." This statute has been strictly construed to require the rendering of a written decision within 45 days after the last hearing before the zoning hearing board or the decision of the board will be deemed to be in the applicant's favor. Borough of Prospect Park v. Molnar, 57 Pa. Commw. 99, 426 A.2d 1193 (1981); Quality Food Markets, Inc. v. Zoning Hearing Board of South Lebanon Township, 50 Pa. Commw. 569 413 A.2d 1168 (1980); Kahn v. Harrisburg Zoning Hearing Board, 17 D. & C. 3d 1 (1981).

Appellant did have notice that the board intended to render a decision on his requests at the May 15, 1985 public meeting, although the minutes of this meeting do not reflect that either he or his attorney were in attendance. Appellant's knowledge of the

board's oral decision, however, is of no consequence to the requirement of a written decision. In Quality Food Markets, supra, the Commonwealth Court decided that the notice requirement of section 908(9) of the MPC had not been satisfied through the oral announcement of the board's decision at a meeting at which the applicant's attorney was present. In that case, as here, no written decision was rendered until approximately two months after the hearing. The court held that in the absence of any ambiguity surrounding section 908(9) of the MPC, it was compelled to require a literal interpretation.

The determination of the date of the last hearing before the board appears to be at issue here. In its written decision of June 14, 1985, the board notes that public hearings were held on April 17, 1985 *and* May 15, 1985. The transcript of the April 17, 1985 hearing clearly indicates that no further testimony was to be received by the board. As noted earlier, the only action taken at the May 15, 1985 meeting was the oral announcement of the board's decision. We are satisfied that for purposes of the 45-day requirement of section 908(9) of the MPC, the last hearing before the board occurred on April 17, 1985.

Having determined that April 17, 1985 was the operative date, we are compelled to hold that the written decision rendered June 14, 1985 was not provided within 45 days of the last hearing. Appellant's application for a special exception and a variance must be deemed to have been approved by the board.

## ORDER

And now, October 21, 1985, the appeal of Gary G. Brown from the decision of the Zoning Hearing Board of Manor Township is granted. The Zoning Hearing Board of Manor Township is directed to

grant the variance under section 1806.c of the Manor Township Zoning Ordinance permitting appellant Gary G. Brown to expand the non-conforming use of his property as sought in his application.