Morgan et ux. v. Zoning Hearing Board.

Argued October 6, 1971, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and ROGERS.

J. Edmund Mullin, with him Thomas M. Garrity and
Wisler, Pearlstine, Talone, Craig & Garrity, for appel-
lant.

*C. Stephens Vondercrone, Jr.*, with him *John E. Landis* and *Landis & Williams*, for appellees.

OPINION BY JUDGE WILKINSON, October 27, 1971:

Appellees petitioned appellant Zoning Hearing Board for a variance to permit the conversion of a building on their property for use as a kennel for breeding and boarding dogs and for storing and selling pet foods and supplies. In addition, they sought a variance to maintain a small sign near the road. After a hearing held on April 24, 1970, the Zoning Hearing Board denied the petition by order as follows: "AND NOW, this 2nd day of June, 1970, the application of Carl F. Morgan and Gail Morgan, husband and wife, to commit the subject premises to use in accordance with the testimony and evidence submitted to the Board is hereby denied."

Appellees secured a Writ of Certiorari from the Court of Common Pleas of Montgomery County. After argument, the Court reversed the decision of the Zoning Hearing Board and directed the Board to approve the variance. We must reverse the Court below and remand the record to the Court below to be returned by it to the Zoning Hearing Board to make appropriate findings of fact and conclusions based thereon with the reasons therefor in support of its decision.

The error of the Court below was in determining that without findings of fact and conclusions there had been no decision within forty-five days as required by Section 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, Art. IX, Section 908, 53 P.S. §10908(9). This section provides: "The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days. Each decision shall be accompanied by findings of fact and conclusions

based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings. Where the board has power to render a decision and the board or the hearing officer, as the case may be, fails to render the same within the period required by this clause, the decision shall be deemed to have been rendered in favor of the applicant." There is no doubt that the Code requires that the Board make findings, reach conclusions, and give reasons, but it does not mandate a decision in favor of the petitioners in the event the timely decision of the Board is not "accompanied" by the findings, conclusions, and reasons.

In fairness to the able judges of the Court below it must be pointed out that they did not have the benefit of this Court's decisions in *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township*, 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971) and *BJM Urban Development Corporation v. Fayette County Zoning Hearing Board*, 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971). In *Limekiln*, dealing with Section 910 of the Pennsylvania Municipalities Planning Code, *supra*, 53 P.S. §10910, this Court held that failure to deliver or mail a copy of the final decision to the applicant within five days of the final decision did not result in the law requiring that the decision be deemed to have been rendered in favor of the applicant. In *BJM* a decision of the Zoning Hearing Board was filed without any findings of fact.

On appeal to the common pleas court, a *de novo* hearing was held and the decision of the Board was affirmed without the court making findings. We remanded for findings to be made.

No good purpose would be served by here discussing the opinions of the Supreme Court of Pennsylvania which deal with the definition of "decision" as used in other statutes or in other contexts. The sole question before us is the very narrow one of whether Section 908(9) required the decision to be deemed to have been rendered in favor of the applicants if in fact the Board's decision is contrary, is timely filed, but is not accompanied by the required findings, conclusions, and reasons. The plain language of the Code makes no such requirement. It seems to us quite clear that when the Legislature uses the language that the decision must be accompanied by findings, conclusions and reasons the decision itself is separate from them. Otherwise, the Legislature would have used language specifying that the decision must include findings, conclusions, and reasons. On the other hand, the Legislature could have quite easily stated that if the Board failed to render its decision and accompany it with the required findings, conclusions and reasons within the required time, the decision would be deemed to be in favor of the applicant. It did not do so.

We do not condone the Zoning Hearing Board's failure to follow the directions of the Code nor do we minimize the importance of the timely filing of findings, conclusions and reasons. Neither applicants nor protestants should be put to the expense and delay of taking appropriate action after an adverse decision is made without findings, conclusions and reasons to secure them. Nevertheless, we cannot enlarge the plain language of Section 908(9) to invoke a result contrary to its provisions. The Zoning Hearing Board in this case has complied with the mandate of the Code to

render its decision within forty-five days, but it has failed to comply with the direction to accompany it with findings, conclusions and reasons.

Accordingly, the decision of the court below is reversed and the record remanded to it to be returned to the Zoning Hearing Board to make appropriate findings of fact and conclusions based thereon together with reasons therefor.