Charles Heisterkamp, III, Appellant v. Zoning Hearing Board of the City of Lancaster and City of Lancaster, Appellees.

Argued February 2, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*John P. Hohenadel,* with him *Richard A. Umbenhauer,* and *Nikolaus, Hohenadel & Greiner,* for appellant.

*Louis J. Farina,* with him *Blakinger, Grove & Chillas,* P.C., for appellees.

OPINION BY JUDGE BLATT, April 4, 1978:

The Appellant, Dr. Charles Heisterkamp, III, appeals here from a decision of the Court of Common Pleas of Lancaster County affirming the denial by the Zoning Hearing Board of the City of Lancaster (Board) of his request for a variance. He operates a medical office and had requested a variance in order

to construct additional waiting-room space by extending the front of his building five feet beyond the setback requirement imposed by the zoning ordinance.

A hearing was held before the Board on June 7, 1976 at which time the Appellant's request for a variance was denied. Notice of this action was mailed to him on June 9, 1976, and the written findings of fact, conclusions and reasons therefor in support of the decision were mailed to him on September 27, 1976.

The Appellant argues first that without findings of fact, conclusions and reasons, there had been no "decision" within forty-five days as required by Section 908(9) of the Pennsylvania Municipalities Planning Code[1] (MPC), 53 P.S. §10908(9). This section provides:

> (9) The *board* or the hearing officer, as the case may be, *shall render a written decision* or, when no decision is called for, make written findings on the application *within forty-five days after the last hearing before the board* or hearing officer. Except in home rule municipalities, where the application is contested or denied, *each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.* Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. . . . *Where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant* unless the applicant has agreed

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

in writing to an extension of time. (Emphasis added.)

The Appellant argues that a "decision" must, by its very meaning, include findings of fact and conclusions, and he cites dicta in the Supreme Court case of *Humble Oil and Refining Co. v. East Lansdowne Borough,* 424 Pa. 309, 227 A.2d 664 (1967) wherein Justice MUSMANNO wrote:

> How could anyone appeal from what was done on May 31st when that action did not embrace an Opinion specifying the grounds on which the application had been refused or granted? It is thus apparent that the 'decision' referred to in the Act must carry with it an opinion, memorandum or explanation of some kind, in order to allow the aggrieved party to specify 'the grounds upon which he relies' [in the event of an appeal].

424 Pa. at 312, 227 A.2d at 665.

Our Supreme Court, however, has rejected this dicta in *Garchinsky v. Clifton Heights Borough,* 437 Pa. 312, 263 A.2d 467 (1970), with regard to similar language in the Borough Code requiring a decision to be made within 45 days. Accordingly, we have held that the 45-day requirement is satisfied when the decision reached by a zoning board is communicated to the parties even though it is not then accompanied by findings of fact, by an opinion or by any explanation of the result. *Morgan v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 362, 283 A.2d 95 (1971). In fact, we have held that where zoning boards issue inadequate or no findings of fact or opinion, courts may in some instances make their own findings and rulings, *Hess v. Upper Oxford Township,* 17 Pa. Commonwealth Ct. 399, 332 A.2d 836 (1975); *Rees v. Zoning Hearing Board of Indiana Township,* 2 Pa. Commonwealth Ct. 551, 279 A.2d 354 (1971), or may order a

remand for findings to be made. *Mill-Bridge Realty, Inc. v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 157, 286 A.2d 483 (1972) ; *Morgan v. Zoning Hearing Board, supra; Rees v. Zoning Hearing Board of Indiana Township, supra; BJM Urban Development Corporation v. Fayette County Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 534, 275 A.2d 714 (1971). In *Morgan* this Court expressed its opinion that the MPC distinguishes between the Board's "decision" and the supporting "findings of fact, conclusions and reasons therefor" and required a reversal only for failures to render a "decision" within the specified period. As in *Morgan*, however, we must repeat that we do not condone the Board's failure to follow the directions of the MPC nor do we minimize the importance of the timely filing of findings, conclusions and reasons as emphasized in *Humble Oil* by Justice MUSMANNO. However, the Board here rendered its decision within 45 days and we cannot reverse on the ground that it failed to accompany that decision with the findings of fact and opinion.

The Appellant also argues that the Board should be reversed because the decision of the Board was not mailed within 24 hours, which was in violation of Section 908(10) of the MPC:

> (10)   A copy of the final decision . . . shall be delivered to the applicant personally or mailed to him not later than the day following its date.

53 P.S. §10908(10).

We, however, have previously held this section to be directory rather than mandatory.  If, therefore, the Board's decision was rendered within 45 days of the hearing, as was the case here, the fact that notice was not mailed the next day as required by Section 908 (10), does not require the entry of a decision for the

applicant under Section 908(9), 53 P.S. §§10908(9), (10). *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township,* 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971).

The Appellant argues further that it was an error of law to deny his requested variance because the terms of the ordinance work a hardship on him and his patients. He states that many of his patients are not ambulatory and are brought to the office by ambulance, wheelchairs and crutches so that adequate and proper waiting room space is essential. He contends that the denial of a variance will result in unnecessarily requiring him either to continue to operate his practice out of his present facility, or to relocate, and that this will result in a hardship to him and his patients. He styles his hardship an "economic" one,[2] arguing further that the requirement of strict compliance with the terms of the ordinance in this case is discriminatory, arbitrary and capricious because the setback requirements are not met by other property owners in the area surrounding his property who have not been required to comply.

The standards to be applied in determining whether or not a zoning variance was properly denied are set forth in Section 912 of the MPC, 53 P.S. §10912, and it is well settled that a variance will not be granted on the grounds of mere personal or economic hardships alone. *Hager v. Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 361, 352 A.2d 248 (1976); *Rubin v. Upper Southampton Township Zoning Hearing Board,* 19 Pa. Commonwealth Ct. 469, 338 A.2d 773 (1975); *Cohen v. Philadelphia Zoning Board of Adjustment,*

---

[2] The Appellant testified as follows:

Now, you can appreciate that when you have patients on stretchers, it requires more space. It obviously makes an economic hardship in which we cannot see all of the patients that we would otherwise see.

3 Pa. Commonwealth Ct. 50, 276 A.2d 352 (1971). In a similar case where a physician had simply "outgrown" his present quarters, we have previously held that such a hardship alone would not warrant the grant of a variance. *Cohen, supra.*

And, in regard to the Appellant's contention that to require compliance with the ordinance here is discriminatory or arbitrary, we have previously held that the uses of adjacent and surrounding land may be relevant in determining whether or not property is burdened with an unnecessary hardship, but the applicant for a variance must still show that his property will be rendered practically valueless without the variance. *See Board of Commissioners v. Zoning Board,* 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976). No such evidence was presented here. In fact, the Appellant testified that he could expand his waiting room space by extending the building five feet and still be within the set-back requirement.[3]

In light of the well-established principle that a variance is an extraordinary exception and should be granted sparingly, we cannot say that the conclusion of the Board and the court below constituted an abuse of discretion or an error of law. We will, therefore, affirm the order of the court below.

## ORDER

AND Now, this 4th day of April, 1978, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

---

[3] The Appellant testified as follows:

We could extend the building without any extension five feet and then be consistent with the zoning.

Unfortunately, this would not provide an additional amount of sufficient waiting space and would not be an economic thing to do.