A.Z.J.Z., Inc. (a corporation) *v.* Township of Springfield et al., Appellants.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Edward S. Lawhorne*, with him *Lawhorne, Muller, Hepburn & Bowie*, for appellants.

*Howard Saul Marcu*, with him *Sand, Gibbs, Marcu & Smilk*, for appellee.

OPINION BY JUDGE BLATT, June 20, 1978:

The Township of Springfield and its officials (Township) appeal to this Court from a decision of the Court of Common Pleas of Delaware County ordering that a use variance and zoning permit be issued to A.Z.J.Z., Inc. (Appellee).

The Appellee requested a variance to construct a four by nine foot Fotomat kiosk on its property.[1] Subsequent to a denial by the Township's Zoning Officer, the Springfield Township Zoning Hearing Board (Board) held a hearing on May 27, 1976, and, on June 25, 1976, less than 45 days later, sent the Appellee a "notice" that it had denied the variance. The Board's notice stated further that "the written decision is in preparation and will shortly be filed in the Township Building." On July 20, 1976, more than 45 days after the hearing, the Board issued and filed a written decision containing findings of fact and conclusions of law. The Appellee thereafter filed an action in mandamus for a permit to be issued because the Board had not rendered its "decision" within 45 days after the hearing in accordance with Section 908(9) of the

_____

[1] The Appellee also applied for expansion of a nonconforming restaurant use which was granted.

Pennsylvania Municipalities Planning Code[2] (MPC), and its decision was therefore deemed to be in favor of the applicant. Upon this basis the lower court ordered that the use and zoning permit be issued. This appeal followed.

The question here is whether or not the "notice" sent to the Appellee satisfied the requirements of a written "decision" as mandated by Section 908(9) of the MPC.[3] The notice stated in pertinent part as follows:

## NOTICE

. . . .

At the meeting of the Zoning Hearing Board on June 24, 1976, the request for permission to erect a Fotomat Kiosk was denied.

The written decision is in preparation and will shortly be filed in the Township Building, 50 Powell Road, Springfield, Pa.

WALTER P. STOUD
Secretary

June 25, 1976

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9).

[3] This section provides as follows:

*The board* or the hearing officer, as the case may be, *shall render a written decision* or, when no decision is called for, make written findings on the application *within forty-five days after the last hearing before the board* or hearing officer. Except in home rule municipalities, where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. . . . *Where the board fails to render the decision within the period required by this subsection,* or fails to hold the required hearing within forty-five days from the date of the applicant's request for a hearing, *the decision shall be deemed to have been rendered in favor of the applicant* unless the applicant has agreed in writing to an extension of time. (Emphasis added.)

53 P.S. §10908(9).

The law is clear that when a zoning board fails to render a "decision" within 45 days, the decision is deemed to be in favor of the applicant. *Humble Oil and Refining Company v. East Lansdowne Borough,* 424 Pa. 309, 227 A.2d 664 (1967). In *Humble Oil, supra,* a hearing was held before the zoning board which met in public seven days later and instructed the secretary of the board to notify the borough solicitor to prepare an order and opinion denying the application. The opinion was not prepared and sent until beyond the 45-day period and the Supreme Court held the decision was therefore deemed to be in favor of the applicant. The Supreme Court rejected the board's argument that, because the decision was reached publicly, it imparted notice to the parties and held that the language of the MPC "imports a specific act of notification." *Humble Oil, supra,* 424 Pa. at 313, 227 A.2d at 666.

This Court has held, therefore, that the 45-day requirement here concerned is satisfied when the parties are specifically notified of a decision within 45 days even though the decision is not then accompanied by findings of fact, an opinion or any explanation of the result. *Heisterkamp v. Zoning Hearing Board,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978); *Morgan v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 362, 283 A.2d 95 (1971). In *Morgan, supra,* a zoning board decision was upheld which had been sent out within 45 days of the hearing but which was unaccompanied by findings of fact or conclusions of law and which read as follows:

AND Now, this 2nd day of June 1970, the application of Carl F. Morgan and Gail Morgan . . . is hereby denied.

The lower court in the case at hand indicated that the *Morgan* case was distinguishable from the instant case because no "decision" had been filed here, and it indi-

cated that it was reversing the Board in accordance with the holding in *Humble Oil, supra*. It said:

> In the case before our Court, the Board apparently made an informal decision and the same was circulated in the Notice of June 25, 1976. However, since no formal written Opinion had been issued in the case within the required forty-five (45) day period, we feel that the Humble Oil decision is controlling.

The facts here, however, are distinguishable from that in *Humble Oil* because the Board here did reach its decision and did specifically notify the parties of its decision within 45 days as required by Section 908 of the MPC, 53 P.S. §10908(9), and as *Humble Oil, supra,* indicated to be necessary.

The lower court's reversal of the Board merely because the Board styled its decision as a "notice" or because it failed to include findings of fact and an opinion cannot be sustained.

We must, therefore, reverse.

### ORDER

AND Now, this 20th day of June, 1978, the order of the Court of Common Pleas of Delaware County at 76-10594 is hereby reversed.