# Slifer v. Zoning Hearing Board of Edgmont Township

*E. Craig Kalemjian,* for plaintiff.
*William D. March,* for defendants.

McGOVERN, *J.,* June 24, 1985 — Plaintiff, E. George Slifer, has appealed from this court's denial of his request seeking, in mandamus, to have an application presented to defendant Zoning Hearing Board of Edgmont Township approved by virtue of the latter's failure to comply with the Municipalities Planning Code, 53 P.S. §10908(9) and (10). This court's order was entered February 14, 1985, and plaintiff's appeal therefrom necessitates this opinion.

Plaintiff, on July 20, 1983, filed an application for a zoning and occupancy permit seeking a variance so as to utilize a garage located upon residential property as an automobile repair shop (a nonresidential use). The building inspector refused to issue a permit and a subsequent hearing before defendant zoning hearing board on August 16, 1983, resulted in that board's denial of plaintiff's re-

quested variance. There is no dispute in this matter concerning notice of that hearing, and that, at the conclusion of the aforesaid hearing, a voice vote resulted in the unanimous decision of the zoning hearing board denying plaintiff's requested variance. There is no dispute in the case at bar concerning the fact that plaintiff did receive immediate verbal notice of the zoning hearing board's decision immediately following the aforesaid hearing.

Plaintiff then filed an action in mandamus seeking to have this court reverse the zoning hearing board's decision by virtue of "deemed approval" of a variance contending that defendant zoning hearing board failed to comply with the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(9). The relevant provision of that act provides:

"The board . . . shall render a written decision . . . within 45 days after the last hearing . . . each decision shall be accompanied by findings of facts and conclusions based thereon, together with the reasons therefore . . . where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant . . ."

The parties agree, and the record supports a conclusion, that plaintiff was present at the hearing whereat this matter was decided and, in fact, received actual notice of the board's decision. Plaintiff avers that he has received no written notice of the decision within 45 days as required by the aforecited act. The township secretary testifies by deposition and affidavit that she, in fact, mailed a written notice of the board's decision within three days of the aforesaid hearing, to wit, August 20, 1983, a copy of which has been appended as part of the record in this matter. The secretary further indicated that this was the board's custom in such mat-

ters. It is the latter written notification of decision that plaintiff denies receiving. The parties further agree that a written opinion was, in fact, prepared on August 23, 1983, and it is apparent that a copy of the August 20 notice, together with the written findings of fact and conclusions of law, were hand-delivered to plaintiff on October 7, 1983, (52 days following the hearing). The parties agree that no further testimony was required in this matter and it was in light of the foregoing that this court denied plaintiff's complaint seeking mandamus.

The general issue presented to this court is whether or not plaintiffs are entitled to "deemed approval" under the circumstances presented.

It is clear that an action in mandamus has as its purpose the enforcing of an established right. Plaintiff then must establish that he has an immediate, clear and complete legal right to deemed approval under the circumstances here presented, and that defendants bear the coordinating responsibility. CF. 23, P.L.E. 368 §6.

Plaintiff's right to "deemed approval" rests upon the initial determination as to whether or not defendants have complied with the aforecited section of the Municipalities Planning Code. The record clearly supports this court's conclusion that notice of the zoning hearing board's denial of plaintiff's application for a variance was, in fact, mailed well within 45 days of the hearing. The record does not go by direct evidence of receipt. The law, however, provides a presumption of receipt rising from evidence of mailing. Berkowitz v. Mayflower, 455 Pa. 531, 534, 317 A.2d 584 (1973); Meierdierch v. Miller, 394 Pa. 484, 487, 147 A.2d 406 (1958). Even though plaintiff may not have, in fact, received the written notification sent from defendants through regular mail, the presumption arising from mailing

of the letter is not necessarily rebutted. It is also clear that in Pennsylvania the specific announcement at the hearing of defendant's denial will not supplant the required written notification. Quality Food Markets Inc. v. Zoning Hearing Board of South Lebanon Township, 50 Pa. Commw. 569,. 413 A.2d 1168 (1980). The issue here is not whether a decision was rendered within the 45 days set forth by the act, for the parties agree that a written decision was accomplished well within the required time. Rather, the parties contend that the notification provision of the act has not been met by defendant. It is also the law of this Commonwealth that where notice is sent within the 45 days mandated by this legislation but unaccompanied by findings of facts, conclusions of law, opinion or any other explanation, such notice complies with the statutory requirement. A.Z.J.Z. Inc. v. Township of Springfield, 36 Pa. Commw. 161, 387 A.2d 675 (1978).

This court therefore held that sufficient evidence was presented to find that defendants complied with the notification requirements set forth in the Municipalities Planning Code (53 P.S. §10908(9)). While it may be fairly stated that the presumption of receipt arising from the evidence of mailing in the instant matter is sufficient; that need not serve as the sole basis for the court's conclusion because this provision of the act places a responsibility upon defendants to promulgate, not to guarantee, receipt of notice. It appears anomalous to suggest that where a defendant, such as here, has in good faith attempted to comply with the act and, in addition, has given actual notice at the hearing concerning its decision, to then allow a plaintiff to do nothing and thereby obtain a contrary result. Particularly is this so where defendant has no way of knowing that plaintiff has not received notice, nor is defendant

aware of any violation of the act. These are not matters necessary to the decision, of course, since this court finds that defendant has complied with the pertinent statute and that defendant's stated failure to receive notice will not serve as a foundation upon which mandamus can issue.

A final contention may arise in this matter as concerns the Municipalities Planning Code 53 P.S. § 10908(10), which requires that "a copy of the final decision . . . be delivered to applicant personally or mailed to him not later than the day following its date." The authorities in this Commonwealth have held that this section of the code is 'directory and therefore it will not serve plaintiff in the case at bar as a foundation for relief. Heisterkamp v. Zoning Hearing Board of the City of Lancaster and City of Lancaster, 34 Pa. Commw. 539, 383 A.2d 1311, 1313 (1978). Further, it is observed that the general statement set forth in subparagraph 10 of the act must give way to the more specific 45-day provision set forth in the preceding paragraph 9 of the act. It is also appropriate to observe here that the mandatory provisions of subparagraph 9 of the act require only that a notice, and not an opinion, be sent, which clearly distinguishes between the two subparagraphs. Therefore, this court found that subparagraph 10 of this section of the code afforded no basis for relief.

It should be further noted that plaintiff prayed for an accounting of his costs in his complaint but did not pursue the issue in his brief. Thus, the issue is not preserved for appellate review.

It was for the foregoing reasons that plaintiff's prayer for mandamus was denied.