## Stump v. West Manchester Township Zoning Hearing Board

*Kenneth J. Sparler,* for plaintiffs.
*Ronald L. Hershner,* for defendant.

RAUHAUSER, *J.,* February 12, 1986 — This matter is before the court on plaintiffs' and defendant's motions for summary judgment.

Plaintiffs, Joseph C. Stump and William A. Fansler, who are residents of R.D. #10, York, York County, Pa., are lessees of a portion of a tract of real estate located in West Manchester Township, owned by Kenneth and Grace Quickel.

Defendant, the West Manchester Township Zoning Hearing Board, is a zoning hearing board established pursuant to the Municipalities Planning Code.

Plaintiffs, on February 25, 1985, filed an application with the West Manchester Zoning Officer, requesting that the board grant a variance to permit them to erect a sign not in conformity with zoning regulations.

On March 26, 1985, the board denied plaintiffs' application for a variance finding that no hardship existed.

On March 29, 1985, the board published an advertisement in the York Dispatch, a newspaper of general circulation within York County, which contained written decisions regarding those cases heard on March 26, 1985.

On June 5, 1985, plaintiffs requested that the zoning hearing officer of West Manchester Township issue a variance on the ground that the board "failed to render a decision within 45 days" as set forth in the Township Zoning Ordinance §501.4 and the Pennsylvania Municipalities Planning Code, act of July 31, 1968, P.L. 805, art. IX, §908(9) (amended 1979), July 31, 1968, as amended, 53 Pa.C.S. 10908 (9) (Purdon, 1985). This request was refused.

On these facts the question now presented is: When a zoning hearing board places an advertisement in a newspaper of general circulation, which contains its written decisions, does such an action by the zoning hearing board constitute a written decision as required by 53 Pa.C.S., §10908(9) (Purdon Supp., 1985) and section 501.4 of the West Manchester Township Zoning Ordinance?

Plaintiffs' motion for summary judgment is based on the argument that when the board placed an advertisement of its decision in the York Dispatch, a paper of general circulation, this action did not constitute a written decision within the meaning of the act and West Manchester Township Zoning Ordinance. See 53 Pa.C.S. 10908(9) (Purdon Supp., 1985) and West Manchester Township Zoning Ordinance §501.4 (1979).

Defendant argues to the contrary.

The crucial question in any summary judgment motion is whether there is a genuine issue as to any material fact. Generally, a motion for summary judgment may be granted only if the pleadings, depositions, answers, interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law. 6 Standard Penna. Practice 2d, §32:6.

Before summary judgment may be entered:

(1) the case must be free and clear from doubt,

(2) the moving party must prove that there is no genuine issue of material fact to be tried and that he is entitled to judgment as a matter of law, and

(3) the record must be viewed in the light most favorable to the nonmoving party and all doubts as to the existence of genuine issues of material fact must be resolved against the moving party. *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa. Commw. 88, 434 A.2d 1327, aff'd. 498 Pa. 589, 450 A.2d 613 (1982).

53 Pa.C.S. §10908(9) states that:

"The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. . . . Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time." 53 Pa.C.S. §10908(9) (Purdon Supp., 1985)

Furthermore, section 501.4 of the West Manchester Zoning Ordinance states:

"The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. Each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.

Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings and the board's decision shall be entered no later than 45 days after the decision of the hearing officer. Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 45 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. . . ."

For purposes of the time limitations contained in 53 Pa.C.S. §10908(9) (Purdon Supp., 1985), the last hearing before the board is the one at which the testimony is concluded, not the hearing at which the board meets to orally announce its decision. *Khan v. Harrisburg Zoning Hearing Board,* 17 D.&C.3d 1 (1981).

When the zoning board fails to render a decision within 45 days, the decision is deemed to be in favor of the applicant. *A.Z.J.Z v. Springfield Township,* 36 Pa. Commw. 161, 387 A.2d 675 (1978).

In the instant case the West Manchester Township Zoning Hearing Board published an advertisement in the York Dispatch on March 29, 1985, which contained written decisions regarding the cases heard on March 26, 1985.

154

The West Manchester Township Zoning Hearing Board rendered a written decision when it published an advertisement in the York Dispatch which contained its decisions.[1]

The written decision stated:
"The following decisions were rendered by the West Manchester Township Zoning Hearing Board after receipt of testimony on March 26, 1985 . . .
ZHB 85-S. Wm. Fansler property at Rte 616 & Rte 30. Variance: Reduced setback in GC zone. Deny: Lack of hardship demonstrated.

"Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than 30 days after notice of the decision is issued.

West Manchester Township
Zoning Hearing Board
Robert Noel, Secretary"

In applying the decision of the word written as defined in the Statutory Construction Act to the notice which the West Manchester Township Zoning Hearing Board had printed in the York Dispatch, it must be concluded that the notice in the York Dispatch constitutes a written decision, because it is a legible representation of the conclusions of the zoning hearing board as to the matter at hand. See note 1, supra.

Therefore, since there is no genuine issue as to any material fact plaintiff's, Joseph C. Stump's and William A. Fansler's motion for summary judgment must be denied and defendant West Manchester

---

1. Written is defined as every legible representation of letters or numerals upon a material substance, except when used in reference to the signature of an instrument. 1. Pa.C.S. §1991 (Purdon Supp. Pamphlet, 1985).

Township Zoning Hearing Board's, motion for summary judgment must be granted.

### ORDER

And now, this February 12, 1986, plaintiffs' motion for summary judgment is denied, and defendant's motion for summary judgment is granted.