518 A.2d 889

Joseph C. Stump and Glendora M. Stump, his wife, Appellants *v.* West Manchester Township Zoning Hearing Board, Appellee.

Submitted on briefs November 18, 1986, to Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Kenneth J. Sparler,* for appellants.

*Ronald L. Hershner, Blakey, Yost, Bupp & Schaumann,* for appellee.

OPINION BY JUDGE CRAIG, December 12, 1986:

Landowners Joseph C. and Glendora M. Stump appeal from a decision of the Court of Common Pleas of York County granting summary judgment in favor of the West Manchester Township Zoning Hearing Board. Judge JOHN T. MILLER dismissed the landowners' *mandamus* complaint which asserted that the board had failed to render a written decision on their application for a variance, entitling them to a deemed decision in their favor under section 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9). We affirm.

In February, 1985, the landowners filed an application requesting that the board grant a variance of the zoning requirements relating to road frontage. The board held a hearing on the landowners' application on March 26, 1985.

On March 29, 1985, the board published a notice in the York Dispatch, a newspaper of general circulation, relating to cases heard at the board's March 26, 1985 meeting.

In pertinent part, the notice stated:

The following decisions were rendered by the West Manchester Township Zoning Hearing Board after receipt of testimony on March 26, 1985 . . .

ZHB85-15 Joseph C. Stump, RD 10 West College Avenue, VARIANCE: Reduced lot frontage from 150' to 1' prior to subdivision in R-A zone. DENY: Hardship is financial in nature.

Appeals to court from the decision of the Zoning Hearing Board may be taken by any party aggrieved by appeal filed not later than thirty (30) days after notice of decision is issued.

The board did not deliver or mail a copy of its decision to the landowners.

On June 5, 1985, the landowners' counsel requested that the zoning officer issue confirmation of a "deemed" approval of the request because the board had failed to render a decision within forty-five days of the hearing as required in section 908(9) of the MPC. In response, the board asserted that it had rendered a decision in compliance with the MPC, and that the law regarding a deemed decision was not applicable. Consequently, the landowners filed their complaint in *mandamus* on July 1, 1985.

Subsections 908(9) and (10) of the MPC, 53 P.S. §10908(9) and (10), provide in relevant part:

(9) The board or the hearing officer, as the case may be, shall render a written decision . . . on the application within forty-five days after the last hearing before the board or hearing officer. . . . Where the board fails to render the decision within the period required by this subsection . . . , the decision shall be deemed to have been rendered in favor of the applicant. . . .

(10) A copy of the final decision . . . shall be delivered to the applicant personally or mailed to him not later than the day following its date. . . .

The issue is whether the board's action in publishing its decision on the landowners' variance application in a newspaper of general circulation—without delivering or mailing that decision directly to the landowners—satisfied the statutory requirement that the board render a written decision within forty-five days of the hearing.

As Judge MILLER correctly noted in his opinion, subsections 908(9) and (10) of the MPC direct the board to do three things in the disposition of a zoning application: (1) render a written decision within forty-five days of the last hearing; (2) set forth in support of that decision findings of fact and conclusions of law; and (3) send a copy of the decision to the applicant.

The board's published notice of the decision in the newspaper was not accompanied by findings of fact, but it contained the explanation that the "[h]ardship shown was financial in nature." In *Morgan v. Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 362, 283 A.2d 95 (1971), this court held that the forty-five-day requirement is satisfied when the board renders a decision even if not accompanied by findings of fact, an opinion or any explanation of the result. Later, this court held in *Heisterkamp v. Zoning Board of the City of Lancaster,*

34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978), that a board's mailing of its decision to the applicant on the second day after the decision's date, rather than on the next day pursuant to section 908(10), did not invoke a deemed decision on behalf of the applicant because the language in section 908(10) was directory rather than mandatory.

In *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971), this court had earlier held that the mailing of a zoning board decision to counsel fourteen days after its date did not invoke a deemed approval. Judge ROGERS' opinion stated:

> Nevertheless, we have no hesitancy in concluding that the delivery or mailing requirement of clause (10) is directory rather than mandatory.

1 Pa. Commonwealth Ct. at 512, 275 A.2d at 904.

Therefore, Judge MILLER correctly determined that "only the failure to render a written decision within forty-five (45) days results in a deemed decision . . . its form or the medium used to communicate it are not of central importance."

Of course, the MPC leaves us with no doubt that the board must "render" its decision within the mandatory forty-five-day period; the use of the term "render" with respect to a decision means, at the least, to "issue" it or, according to one dictionary meaning of the word, to "transmit" it. Webster's Third New International Dictionary (unabridged) 1922 (1971). In a minimal but unmistakable sense, the publication in this case memorialized the fact that the board had issued a decision. Also, in a minimal sense, the publication constituted a transmission of the decision, to the public at least.

Accordingly, we must affirm Judge MILLER's decision that the board's publishing of its decision satisfied the requirement that it timely "render" a written decision,

and that the board's failure to send that decision directly to the landowners did not invoke a deemed decision in their favor.

In view of the stringency of the deemed approval sanction, the court necessarily must decline to invoke it whenever its applicability is not perfectly clear.

However, as this court stated in *Heisterkamp,* at 543, 383 A.2d at 1313, "we must repeat that we do not condone the Board's failure to follow the directions of the MPC. . . ." This board's practice—publishing its decision without sending it directly to the applicant and other interested parties of record—creates a great risk of confusion as to the thirty-day period for appeal, in the event that a party might raise an issue concerning actual notice of the published decision.

## ORDER

NOW, December 12, 1986, the order of the Court of Common Pleas of York County at No. 85-SU-02477-08, dated March 31, 1986, is affirmed.