## Barnes v. Penn Township Zoning Hearing Board

414

*Edward B. Golla,* for plaintiffs.
*Walter A. Tilley III,* for defendant.

HORN, *J.,* November 9, 1988—This case is before the court on an appeal from the findings of appellee, Penn Township Zoning Hearing Board, denying a special exception and variance to appellants, Guy E. Barnes and Helen R. Barnes, and a motion to strike the findings of fact and conclusions of law submitted by appellee.

Appellants own a mobile home park in Penn Township and sought a special exception and variance to allow them to replace the existing deteriorating mobile homes with newer and larger ones. The majority of the homes, and the lots they sit on, are existing non-conformities as to setbacks, yard sizes and/or living space requirements.

Appellants attended a hearing before the board on May 10, 1988, and were verbally informed at that time that their special exception was denied. By letter dated May 16, 1988, the board mailed written findings to appellants stating that:

"[T]he reason for the board's denial is that the requested expansion does not conform to the standards for expansion of a non-conformity. Section 607 of the Penn Township Zoning Ordinance subsection b, the proposed expansion would exceed 35 percent of the area devoted to the non-conformity; c, off street parking is not provided; and g, the expansion would create new non-conformities."

Appellants took an appeal from this decision within the 30-day requirement of section 706 of the Zoning Ordinance and section 1006 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10101, et seq. Appellee, after learning of the appeal, filed findings of fact and conclusions of law with the prothonotary and a copy of the record of the hearing was filed. Appellee failed to serve the appellants with a copy of the conclusions of law and findings of fact; however, the findings of fact and conclusions of law were discovered by counsel for the appellants who reviewed the file in the prothonotary's office. The findings of fact were signed and dated by the board by June 25, 1988, and were filed on June 27, 1988.

Appellants' first contention is that section 908, subsections 9 and 10, of the MPC entitle them to have a decision rendered in their favor. Section 908(9) provides in relevant part:

"The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. Where the application is contested or *denied,* each decision *shall be accompanied* by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in light of the facts found. . . . Where the board fails to render the decision within the period required by this section, the decision shall be *deemed* to be rendered in favor of the applicant, unless the applicant has agreed in writing to an extension of time." (emphasis supplied)

Further, section 908(10) reads that "[a] copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date."

It is clear from a reading of the statute that a *decision* must be rendered within the 45-day statutory period. It is clearly the intent of the legislature that findings of fact and conclusions must necessarily "accompany" this decision in order for a knowledgeable, meritorious appeal to be taken from the decision, see *Humble Oil Co. v. East Lansdowne Borough* 424 Pa. 309, 227 A.2d 664 (1967), and to "eliminate delays and losses which can ensue from bureaucratic procrastination in a governmental planning process." *Canonsburg General Hospital v. Pennsylvania Department of Health,* 51 Pa. Commw. 156, 166, 413 A.2d 1185, 1190 (1980).

Despite this intent, the case law in Pennsylvania is clear that *only the decision* must be rendered within 45 days and the findings of fact and conclusions need not be rendered at that time as well. The courts have consistently held that the "findings" portion of the statute is "directory rather than mandatory." *Stump v. West Manchester Township Zoning Hearing Board,* 102 Pa. Commw. 444, 448, 518 A.2d 889, 891 (1986); see also, *Morgan v. Zoning Hearing Board,* 3 Pa. Commw. 362, 283 A.2d 95 (1971); *Snyder v. York City Zoning Hearing Board,* slip op. no. 86-SU-3983-08 (York County, May 15, 1987); but see, contra, *Humble Oil, supra* (issued prior to the 1968 version of the MPC). Hence, the judiciary has created a distinction between the period of timeliness applicable to a "decision" as opposed to findings of fact and conclusions.

At argument on the issue before this court, counsel acknowledged that counsel for the board did

later furnish the findings of fact and conclusions of law to appellants' counsel and extended to him additional time to fully brief and argue all issues.

Although the court looks with strong disfavor upon the dilatory conduct and general neglect by the township in failing to strictly adhere to the directory provisions of the ordinance, the doctrine of stare decisis does not allow us to nullify the effectiveness of the decision of the board; hence, we conclude that appellants are not entitled to have the special exception "deemed" in their favor under section 908 of the MPC.

The second issue before the court is whether the findings of fact and conclusions eventually issued by the board should be stricken.

Section 1010 of the MPC provides that the court may remand the case to the board for the issuance of findings of fact and conclusions. See also *Morgan, supra.* In order to avoid the circuity of ordering a remand, having the board undoubtedly issue the same findings of fact and only then deciding the validity of appellant's claim that the board abused its discretion, the court will rely on the findings filed with the prothonotary as a part of the appeal process.

The final issue to be decided by the court is whether the board's denial of the special exception and variance was arbitrary, capricious and an abuse of discretion or an error of law.

Appellants are correct in their assertion that placing larger mobile homes on their plots would certainly *decrease,* and not increase, the pre-existing non-conformity as to the living space requirements; however, it will just as certainly *increase* the non-conformity as to setbacks; a special exception is required for the expansion of a non-conformity.

Section 407.2 of the Penn Township Zoning Ordi-

nance requires an applicant for the expansion of a non-conformity to adhere to section 503.6 general standards as well as sections 607 and 616 special standards. As evidenced by the hearing transcript, the letter stated the board's decision, the findings of fact and conclusions, the board repeatedly stated that appellants' property did not conform to the zoning ordinance as required by section 607(b) (relating to an expansion of greater than 35 percent), section 607(c) (relating to off street parking) and section 607(g) (relating to the creation of new non-conformities).

Section 503.6 of the zoning ordinance states that it is the applicant/appellants' burden to prove that the statutory requirements have been met. For the following reasons, the court agrees with appellee that this burden was not met:

First, counsel for appellee carefully charted the existing and proposed home sizes, along with the changes to side yard, front yard and back yard dimensions. These charts clearly show that many of the proposals resulted in new non-conformities as to setbacks. Although appellants were served a copy of these charts and could have filed a supplemental brief to dispute these findings, the argument fails to reveal any disputes as to the proposed plan. Counsel for the board also showed that other lots expanded pre-existing non-conformities by more than 35 percent. This is apparently not disputed by appellants. Appellants failed to supply sufficient information, including lot sizes and trailer sizes, as to two of the lots for calculations to be made as to the remainder of the lots, although that would not effect the final outcome; hence, the board was justified in finding that appellants failed to sustain their burden that no new non-conformities exist.

Secondly, section 103.3 of the zoning ordinance

defines a "street" as any "ways used or intended to be used by vehicular traffic or pedestrians whether public or private." Appellants testified that most parking would be done along the private road that passes through the mobile home court. This does not constitute off street parking under the zoning ordinance and appellants presented no testimony showing any other parking accommodations aside from the vague reference on the record to "[a] parking area right over in that area there." The court finds that the appellants did not sustain their burden of showing off street parking of 1.5 spaces per dwelling unit as required by section 303.2 of the zoning ordinance.

Because the expansion of the non-conformity exceeds 35 percent, appellants sought a variance as well as a special exception. The standards for granting a variance are found in section 502.3 of the zoning ordinance. The findings of fact and conclusions filed by appellee contend, inter alia, that subsection (a), (b), (c) and (e) of section 502.3, requiring unnecessary hardships of an enumerated type to be found before a variance may be granted, have not been satisfied.

The court agrees with the board's findings in this regard as appellants have failed to show: any unique physical circumstances or conditions of the property (subsection (a)); that these conditions or circumstances are such that the property cannot reasonably be used in strict conformity with the zoning ordinance (subsection (b)); that the unnecessary hardship is not financial in nature (subsection (c)); and that the variance would represent the minimum variance that would afford relief (subsection (e)). In fact appellants have proven by their own testimony at the hearing that they are not entitled to a variance. For example, Mrs. Barnes testified that

trailers with dimensions of eight feet by 35 feet may be available, showing that the requested trailers are not the "minimum" that will afford relief and Mr. Barnes testified that reducing the number of trailers would cause him only an economic hardship.

Finally, the court upholds the finding of the board that a real and certain danger exists when cars are parked on the mobile home's street as emergency vehicles may be unable to use the narrow road as a result of the parking.

After a thorough examination of all submitted materials and the applicable decisional and statutory law, the court holds, as a matter of law, that even had the case been before us de novo, the request of appellants for a special exception and variance would be denied; hence, the decision of the board was not arbitrary, capricious or an abuse of discretion, and we accordingly issue the following

## ORDER

And now, November 9, 1988, the court denies appellants' motion to strike and affirms the finding of the board in denying appellants' special exception and variance.