IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mt. Nebo Property Holdings, LLC | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| The Ohio Township Zoning Hearing Board | : | No. 1595 C.D. 2024 |
| | : | |
| Ohio Township | : | |
| | : | |
| v. | : | |
| | : | |
| Mt. Nebo Property Holdings, LLC and Ohio Township Zoning Hearing Board | : | No. 1773 C.D. 2024 |
| | : | |
| Mt. Nebo Property Holdings, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| Ohio Township and Ohio Township Zoning Hearing Board | : | |
| | : | |
| Appeal of: Mt. Nebo Property Holdings, LLC | : | No. 1774 C.D. 2024 |
| | : | Submitted: March 3, 2026 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: April 7, 2026


        In these consolidated cases, Mt. Nebo Property Holdings, LLC (Applicant) appeals from an order of the Court of Common Pleas of Allegheny

County (Common Pleas) that affirmed a decision of the Ohio Township Zoning Hearing Board (Board) denying Applicant's variance requests.[1] We vacate Common Pleas' order in part and remand this matter with a directive to remand to the Board for a fully developed written opinion.

## I. Background

Applicant is the equitable owner of a small tract of land in Ohio Township's C-1 zoning district, comprised of only 3,561 square feet (Property), which was created when the Pennsylvania Department of Transportation condemned a right-of-way for I-279 in or around 1985. Reproduced Record (R.R.) at 267a-68a & 273a. The Property is vacant land with a steep slope, a thin triangular shape, and no road frontage. *Id.* at 268a, 270a & 280a. Because of the Property's small size and triangular shape, the yard setbacks required by the Township of Ohio Zoning Ordinance (Zoning Ordinance) overlap such that there is no buildable area on the Property. *Id.* at 272a. The Board concluded that the Property cannot be used for any permitted use in the C-1 zoning district and, thus, that a variance is required for any use of the Property. *Id.* at 280a.

In 2023, Applicant sought five variances from the Zoning Ordinance to allow for the placement of a billboard on the Property:

(a) A use variance from Section 1606, to construct a billboard at the Property.

(b) A dimensional variance from the minimum [1,000 foot] lateral spacing requirement of Section 1606.1(c), to

---

[1] Common Pleas' order also denied relief on a complaint in mandamus that Applicant filed in one of the consolidated cases, seeking a deemed approval of the variance requests. *See* R.R. at 409a & 418a. That portion of Common Pleas' order is not at issue on appeal to this Court.

permit 344 feet of lateral spacing between the proposed [billboard] and an existing billboard.

(c) A dimensional variance from the [15 foot] distance requirement of Section 1606.1(d), to permit the billboard to be located within 2 feet of a limited access federal highway right-of-way.

(d) A dimensional variance from the [30 foot] minimum rear yard [setback] requirement of Section 1606.1(e), to permit a 2[-]foot rear yard [setback] at the Property.

(e) A dimensional variance from the [10,000 square foot] minimum lot area requirement of Section 802.A, to permit a lot area of 3,561 square feet.

R.R. at 269a & 275a. The billboard would be 40 feet tall measured from the grade at the spot of its placement, with image dimensions 14 feet high by 40 feet wide. *Id.* at 270a.

After a hearing and the submission by the parties of proposed findings of fact and conclusions of law, the Board denied all five variance requests. R.R. at 276a. As explained in its later written decision, containing findings of fact and conclusions of law, the Board determined that the Property had unique circumstances or conditions not created by Applicant, such that variance relief would be required for any use to be made of the Property. *Id.* at 280a. The Board also observed that there is an existing billboard near the Property and concluded, on that basis, that the proposed billboard would not alter the essential character of the neighborhood. *Id.* However, the Board concluded that the requested use variance was not the minimum variance required for relief. *Id.* at 280a-81a. The Board reasoned that either forestry or oil and gas operations could be conducted on the Property as a permitted use and that a communications tower was permitted by special exception. *Id.* at 281a. The Board found that Applicant failed to present sufficient evidence to demonstrate that the Property could not be used for any of

3

those purposes. *Id.* Further, although any of those uses would require one or more dimensional variances, the Board reasoned that "a use variance would not be needed in those instances, and, therefore, Applicant's proposed use variance to allow a billboard at the Property is not the minimum variance that would afford relief." *Id.* Thus, the Board's decision rested largely on the implicit assumption that any dimensional variance, regardless of size, inherently constitutes more minimal relief than any use variance.

Applicant appealed to Common Pleas. Without taking additional evidence, Common Pleas upheld the Board's decision, holding that the Board properly denied the variance requests. R.R. at 409a-10a & 419a-20a. Common Pleas echoed the Board's conclusion that the requested use variance was not the minimum variance needed to afford relief, explaining specifically that Applicant "did not present evidence to show that the Property could not be used for one of the Ordinance's permitted uses such as a communications tower or forestry or oil and gas operation uses[,]" which uses would require only dimensional variances. *Id.* at 419a-20a.

Applicant's appeal to this Court followed.

## II. Issue

On appeal to this Court,[2] Applicant argues that the Board erred in its determination that the Property could be developed for any of three permitted and/or

---

[2] Because Common Pleas did not take additional evidence, this Court's review is limited to determining whether the Board abused its discretion or erred as a matter of law. *Dimattio v. Millcreek Twp. Zoning Hearing Bd.*, 147 A.3d 969, 974 (Pa. Cmwlth. 2016) (citing *Interstate Outdoor Advert. v. Zoning Hearing Bd. of Warrington Twp.*, 39 A.3d 1019, 1024 n.5 (Pa. Cmwlth. 2012)). The Board was the finder of fact and, as such, was entitled to determine credibility and resolve all conflicts in the evidence; it did not abuse its discretion unless its findings of fact were

4

special exception uses and that, as a result, the requested variances, specifically the use variance, did not represent the minimum variance required for zoning relief.[3]

## III. Discussion

"An application for a variance seeks permission to do something which is prohibited by [a] zoning ordinance. In essence, a variance constitutes an exception, or an overriding of legislative judgment concerning the will of the citizens of the community regarding land use." *Metal Green Inc. v. City of Phila.*, 266 A.3d 495, 506 (Pa. 2021). As such, "[a] variance is an extraordinary exception and should be granted sparingly[.]" *Heisterkamp v. Zoning Hearing Bd. of City of Lancaster*, 383 A.2d 1311, 1314 (Pa. Cmwlth. 1978). "The burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011); *see also Fairview Twp. v. Fairview Twp. Zoning Hearing Bd.*, 233 A.3d 958, 963 (Pa. Cmwlth. 2020) (noting that the burden on the applicant for a use variance is heavy). Normally, a use variance applicant must prove that there is a unique hardship affecting the property; that granting the requested variance will not result in an adverse effect on the public health, safety, or general welfare; and that the requested variance is the minimum variance that will afford relief with the least modification possible. *See Marshall v. City of Phila.*, 97 A.3d 323, 329 (Pa. 2014); *see also Metal Green*, 266 A.3d at 508.

---

not supported by substantial evidence. *Id.* (citing *Eichlin v. Zoning Hearing Bd. of New Hope Borough*, 671 A.2d 1173, 1175 (Pa. Cmwlth. 1996)).

[3] Although Applicant initially raised additional issues, it expressly abandoned the others. Br. of Applicant at 3 n.1.

The Zoning Ordinance here allows a variance "for a particular piece of property that, because of special circumstances applicable to it, cannot be developed in compliance with the literal terms of this Ordinance without undue physical hardship." Zoning Ordinance § 201. Specifically, the Zoning Ordinance allows a variance pursuant to the requirements of the Pennsylvania Municipalities Planning Code (MPC).[4] *Id.* Under Section 910.2(a) of the MPC, a zoning hearing board

> may grant a variance, provided that all of the following findings are made where relevant in a given case:
>
> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
>
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) That such unnecessary hardship has not been created by the appellant.
>
> (4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10101-11202.

6

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).

The Board found that the Property could be used for forestry or oil and gas operations as a permitted use or for placement of a communications tower by special exception under the Zoning Ordinance without necessitating the construction of improvements. Applicant offered opposing testimony explaining that the Property was too small and irregularly shaped to allow meaningful use for either forestry or oil and gas production and that the tower height necessitated by the steep slope, as well as the close proximity of another communications tower, made that use of the Property impracticable. R.R. at 125a, 174a, 178a, 193a & 199a.

Applicant's argument on appeal essentially challenges the weight of the evidence concerning the possibility of developing the Property for a permitted use. We recognize Applicant's factual arguments as reasonable and logical in asserting that conducting forestry, gas and oil production, or a communications tower on a tiny piece of land just 3,562 square feet in size and steeply sloped is a practical impossibility. However, it was the Board's function to weigh the evidence. This Court is not free to reweigh that evidence or substitute its own findings of fact for those of the Board. Accordingly, we are constrained to accept the Board's findings concerning the potential permitted uses of the Property.

Applicant also posits, however, that the variance relief sought was the minimum necessary to allow reasonable use of the Property. Applicant suggests that multiple dimensional variances would be needed for any of the permitted uses. Our review of the Zoning Ordinance supports this suggestion. Communications towers, forestry, and oil and gas operations are all permitted uses in the C-1 zoning district.

7

Zoning Ordinance, § 801A.1.o, .y & .bb. Potentially applicable provisions of the Zoning Ordinance that could require dimensional variance relief for a permitted use of the Property include Section 802A, requiring a minimum lot size of 10,000 square feet for any property in the C-1 zoning district; Section 802B, requiring a minimum lot width of 100 feet (the record is unclear as to whether this requirement is met, inasmuch as the triangular shape of the Property and its lack of road frontage create uncertainty as to which dimension constitutes its width); Section 802E.-G., prescribing yard requirements (again unclear as there is uncertainty as to which is the front, back, or side edge of the Property); Section 1303.10.g, requiring a setback for a communications tower of 100% of the tower's height;[5] Section 1303.10.k, prescribing a minimum distance of 2,500 feet between communications towers;[6] Sections 1402.1.a.-e., 1402.2.b.1, c.1., & 1415.4.c., prescribing minimum landscaped buffer areas in the C-1 zoning district ranging from 15 to 35 feet from each property line; Section 1402.5, forbidding removal of any trees from the buffer area (thus potentially affecting any hypothetical forestry use); and Section 1415.4.a., prescribing a minimum 200-foot setback from each property line for placement of a natural gas compressor station building in conjunction with gas production.

---

[5] Applicant contends there was evidence that a tower in this location would need to be at least, and possibly "well over" 200 feet tall, and that such a height would exceed the Zoning Ordinance's limit of 23 feet by 177 feet. *See* R.R. at 109a, 125a, 193a, 199a & 513a. We note, however, that the Zoning Ordinance actually allows a height of up to 200 feet for a communications tower in the C-1 zoning district. Zoning Ordinance, § 1303.10.e. Presumably, Applicant's suggestion of a 23-foot height limit is connected to its estimate of the available setback given the Property's small size. *See* R.R. at 507a. We also note that the Board suggested a shorter communications tower might be feasible if limited to enhancing the electronic signal on the nearby interstate highway segment.

[6] The reproduced record does not indicate specifically whether there are communications towers within 2,500 feet of the Property, although it does indicate that there is a tower "less than a mile" from the Property. R.R. at 125a.

Applicant's multiple requested variances are also substantial. They include a use variance to construct the billboard, a dimensional variance from the 1,000-foot lateral spacing requirement to permit 344 feet of lateral spacing between the proposed billboard and an existing billboard, a dimensional variance from the 15-foot setback requirement to permit the billboard to be located within 2 feet of a limited access federal highway right-of-way, a dimensional variance from the 30-foot minimum rear yard setback requirement to permit a 2-foot rear yard setback, and a dimensional variance from the 10,000-square-foot minimum lot area requirement to accommodate the Property's lot area of 3,561 square feet. R.R. at 269a & 275a.

Clearly, the variances required for either the permitted uses or Applicant's requested use of the Property would be substantial. Applicant argues, however, that its requested variances, although still substantial, are more minimal than those that would be required for any of the permitted uses.

The Board, affirmed by Common Pleas, rejected Applicant's argument. Without discussion, the Board implicitly concluded that because Applicant's request included a use variance and the permitted uses would require only dimensional variances, Applicant's request did not represent the minimum variance relief required for reasonable use of the Property. We cannot agree.

To satisfy the requirement to seek the minimum necessary variance, "the applicant need [neither] show that his or her land is valueless without a variance" nor "eliminate every possible permitted use" but must "show[] that of all the viable alternatives, *the proposed use is the least departure from the terms of the ordinance, or the most similar to the uses in the surrounding neighborhood*." *In re Bass*, 320 A.3d 892, 902 & 904 (Pa. Cmwlth. 2024) (first quoting *Marshall*, 97 A.3d

9

at 332; and then quoting *In re Garcia*, 276 A.3d 340, 354 (Pa. Cmwlth. 2022) (quoting *In re Ridge Park Civic Ass'n*, 240 A.3d 1029, 1034 (Pa. Cmwlth. 2020)) (emphasis added in *Bass*). Thus, both use variance applications and dimensional variance applications are subject to the minimum-variance requirement, and zoning hearing boards must make specific findings of fact and offer sufficient rationale as to why the criteria are or are not satisfied. *See Metal Green*, 266 A.3d at 515 (explaining that a zoning hearing board's decision was "substantially deficient, precluding an appellate court from reviewing the minimum variance requirement" where the zoning hearing board "failed to make specific findings of fact, engage in credibility determinations, or offer sufficient rationale as to why the criteria for a use variance were not satisfied").

In the circumstances here, where substantial dimensional variance relief would be required for any permitted use, we conclude that the Board committed legal error by assuming that a dimensional variance is automatically more minimal than a use variance. Neither the Board nor Common Pleas has cited any authority for such an assumption, and this Court is aware of none. Notably, however, we have previously recognized instances in which use variances represented the minimum relief necessary where they would have less impact on the neighborhood than permitted uses. *See, e.g.*, *Bass*, 320 A.3d at 903-04 (citing *Paganico v. Zoning Hearing Bd. of Penn Hills*, 227 A.3d 949, 955 (Pa. Cmwlth. 2020)).

Here, the Board failed to "make specific findings of fact and offer sufficient rationale as to why the criteria are or are not satisfied." *Metal Green*, 266 A.3d at 515. Specifically, the Board failed to explain why the variances requested by Applicant constituted greater modifications to the Zoning Ordinance's requirements than the assorted variances that would be required for a forestry, oil

10

and gas production, or communications tower use. Because the Board failed to apply the proper legal analysis, we conclude that a remand is needed in order for the Board to reissue its decision after applying the proper legal framework, making the requisite findings of fact, and offering the requisite rationale explaining why the minimum variance requirement was or was not met by Applicant's variance requests.

## IV. Conclusion

Based on the foregoing discussion, we vacate Common Pleas' order insofar as it affirmed the Board's decision, and we remand this matter to Common Pleas. We direct Common Pleas, on remand, to vacate the Board's decision insofar as the Board determined that the variances requested did not represent the minimum variances required for zoning relief, and to further remand this matter to the Board for additional findings of fact and conclusions of law limited to the question of whether the requested variances represented the minimum variances required for zoning relief, applying the legal standard articulated herein.

_____
CHRISTINE FIZZANO CANNON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mt. Nebo Property Holdings, LLC | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| The Ohio Township Zoning Hearing Board | : | No. 1595 C.D. 2024 |
| | : | |
| Ohio Township | : | |
| | : | |
| v. | : | |
| | : | |
| Mt. Nebo Property Holdings, LLC and Ohio Township Zoning Hearing Board | : | No. 1773 C.D. 2024 |
| | : | |
| Mt. Nebo Property Holdings, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| Ohio Township and Ohio Township Zoning Hearing Board | : | |
| | : | |
| Appeal of: Mt. Nebo Property Holdings, LLC | : | No. 1774 C.D. 2024 |

## **O R D E R**

AND NOW, this 7th day of April, 2026, the November 14, 2024 order of the Court of Common Pleas of Allegheny County (Common Pleas) is VACATED in part to the extent that it affirmed the January 23, 2024 decision of the Ohio Township Zoning Hearing Board (Board). This matter is REMANDED to Common Pleas, which is directed to vacate the Board's decision and to remand this matter to the Board for additional findings of fact and conclusions of law limited to the

question of whether the variances requested represented the minimum variances required for zoning relief, applying the legal standard articulated in the foregoing opinion of this Court.

Jurisdiction is relinquished.

 

_____
CHRISTINE FIZZANO CANNON, Judge