Borough of Prospect Park, Delaware County, Pennsylvania, Appellant *v.* Joseph Molnar and Margaret Molnar, his wife, Appellees.

Argued October 9, 1980, before Judges MacPhail, Williams, Jr. and Palladino, sitting as a panel of three.

*F. Martin Duus, Fronefield and deFuria,* for appellant.

*Edward F. Muller, Jr., Lawhorne, Muller & Del-Sordo,* for appellees.

Opinion by Judge Williams, Jr., February 25, 1981:

The Borough of Prospect Park (appellant) appeals from an Order of the Court of Common Pleas of Delaware County which reversed a decision of the Zoning Hearing Board of the Borough of Prospect Park (Board). The Board had denied Joseph and Margaret Molnar (appellees) permission to expand a non-conforming use of their property.

The facts of this case are not in dispute. Appellees, Joseph and Margaret Molnar, filed an application with the Board for a special permit to expand a non-conforming use of their property. The property had been used as a light metal fabrication and sales business. It was located in an area where certain busi-

ness uses, excluding that of appellees, were authorized by special exception.[1]

An initial hearing was held by the Board on August 10, 1978, at which appellees produced evidence in support of their application. A public meeting was held on September 19, 1978. In attendance at that meeting were appellees and all of the members of the Board. It was at that time, in the presence of the appellees, that the Board orally voted unanimously to deny the appellees' request for a special permit to expand their non-conforming use. No other communication occurred between the appellant and the appellees until October 13, 1978, when the Board issued a written decision denying the appellees' application. That decision was received by the appellees the following day.

The appellees filed an appeal to the Court of Common Pleas of Delaware County from the adverse decision of the Board. In addition to contesting the merits of the case, the appellees contended that under Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[2] the decision of the Board must be deemed to be in their favor. In that regard, the appellees asserted that that result was compelled because the Board's detailed written decision was not mailed to the appellees within forty-five days after the hearing as required by Section 908(9) of the MPC. Without taking additional testimony, the Court reversed the Board's decision solely on the ground that the Board had not complied with Section 908(9) of the MPC.

---

[1] Under the zoning ordinance certain business uses were permitted in appellees' zone by *special exception*. The appellees' business use was not one of those uses but was instead a prior nonconforming use. Under the ordinance the right to expand it had to be sought by application for a *"special permit."*

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9).

Appellant thereafter filed the instant appeal, arguing that although it did not strictly comply with Section 908(9) of the MPC, it complied with the spirit of that provision. Appellant contends that where a decision has been made within the statutory forty-five day period at a public meeting of the Board at which the applicants were in attendance, actual notice of the Board's decision has been provided. Thus, the appellant argues, there has been sufficient compliance with the requirements of Section 908(9), to avoid a "deemed approval" of the applicants' request.

At issue here is whether Section 908(9) of the MPC mandates that the Board provide *written* notice of its decision within forty-five days of the last hearing, or whether some other means of notice will satisfy Section 908(9).

The instant case is governed by our recent decision in *Quality Food Markets, Inc. v. Zoning Hearing Board of South Lebanon Township,* 50 Pa. Commonwealth Ct. 569, 413 A.2d 1168 (1980). In that case we held that Section 908(9) of the MPC requires *written* notice of a board's decision within forty-five days after the last hearing. In *Quality Food Markets,* the applicant sought a special exception pursuant to the existing zoning laws. After a hearing at which all the testimony and evidence was received, the zoning board scheduled another public meeting to determine whether to grant the special exception. At the conclusion of that meeting, and while applicant's counsel was present, an oral announcement of the board's decision denying the applicant's request was made. However, no written decision was rendered until approximately two months after the hearing. This Court decided that the notice requirement of Section 908(9) had not been satisfied through the oral announcement of the board's decision at a meeting at which the applicant's attorney was present.

The instant case is not significantly distinguishable from *Quality Food Markets*. Following our holding in that case, we must find that the Zoning Hearing Board of the Borough of Prospect Park failed to comply with the notice requirement of Section 908(9) of the MPC. Accordingly, we affirm the decision of the Court below and direct the Board to issue a special permit granting the appellees the right to expand the non-conforming use of their property.

### ORDER

AND Now, the 25th day of February, 1981, the order of the Court of Common Pleas of Delaware County, at No. 15445 of 1978, is affirmed.