Carl Packard, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, October 10, 1980, to Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*W. Hamlin Neely*, for appellant.

*William E. Schantz*, with him *C. Steven Miller, Snyder, Doll & Schantz, P.C.*, for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 5, 1981:

This case comes before the Court on an appeal by the landowner[1] from a decision of the Lehigh County Court of Common Pleas, adjudging him guilty of summary violations of the Upper Macungie Township Zoning Ordinance. We affirm.

In the spring of 1974, appellant Packard made application to the township zoning officer for a permit to locate his mobile home in an area zoned CC-Commercial. The officer refused to issue the permit, because the zoning ordinance allows such a structure in a CC-Commercial district only by special exception, which must be granted by the township zoning hearing board (Board).

Packard made a timely appeal to the Board, which duly advertised the hearing. Three members of the Board heard Packard's case on October 23, 1974. At a November 27, 1974 public meeting, the same Board members unanimously voted to deny the application; the Board secretary recorded those votes adjacent to the initials of the voting members on the cover of the Packard file. By letter dated December 5, 1974, the solicitor for the Board informed Packard that his application was denied and that he should remove from

---

[1] Appellant Carl Packard.

the pertinent property a mobile home which was parked there at that time.

No further developments occurred in the case until June, 1978, when the township zoning officer discovered a mobile home on the same premises. Pursuant to that discovery, township solicitor sent another letter to Packard, in which he advised appellant that failure to remove the structure by July 7 would result in the issuance of citations against him for violations of the Zoning Ordinance. Appellant did not remove the mobile home by the appointed day, and shortly thereafter was charged, *inter alia,* with violating several sections of the Zoning Ordinance.

At a hearing before the district magistrate, the appellant was found guilty of some of the charges, and duly fined. He appealed that determination to the Common Pleas Court, raising as defenses (1) innocence by virtue of the "deemed" approval provision of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), (2) a type of unclean hands defense, based on the allegation that the township had failed to comply with its own ordinance,[2] and (3) other equitable defenses inapplicable to a summary offense. Appellant did not question the existence of a "decision," nor did he request a remand for the issuance of findings. Rather, he alleged, as he does before this Court, that the procedural defects were sufficiently egregious to negate the validity of the decision.

The lower court found, *inter alia,* that the Board Solicitor's letter satisfied the statutory requirement that a decision be rendered in 45 days, and that the

---

[2] Section 1602(c) of the township zoning ordinance provides that "[e]ach decision shall also bear the signature of the majority of the members of the Board on the original thereof." The letter of notification to Packard was signed only by the solicitor for the Board.

failure of a majority of the members of the Board to sign the letter was a procedural defect neither material nor fatal to the decision.

Packard appealed that determination to this Court on the very narrow issue of whether the December 5, 1974 letter from the township solicitor which followed the public hearing in November, 1974, fulfills the statutory requirements relative to a Board decision. We hold that it does.

The appellant admits that, within the prescribed 45-day period, he received notice that his application had been denied. Precedent clearly indicates that a decision, not supported by written facts and findings, is still valid; the decision is not "deemed" to be in favor of the applicant solely because the findings of fact and conclusions of law are late or absent. It is the decision itself which must be made within 45 days.

To reiterate what this Court said in *Heisterkamp v. Zoning Hearing Board of the City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978):

[T]he 45-day requirement is satisfied when the decision reached by the zoning board is communicated to the parties even though it is not then accompanied by findings of fact, by an opinion, or by any explanation of the result.

*Id.* at 542, 383 A.2d at 1313.

Appellant's second argument, that the failure of a majority of the members of the Board to sign the letter renders the decision nugatory, is also without merit.

The opinion of Judge MELLENBERG, below, ably explicates the policies embodied in Section 1602(c) of the Upper Macungie Township Zoning Ordinance, and points out that the Board decision, as taken, complied with the intent of the subsection. While we do not look with favor upon the neglect of the township to strictly adhere to the directory provisions of the ordinance,

that failure does not, in and of itself, nullify the effectiveness of the decision.

In *Morgan v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 362, 283 A.2d 95 (1971), this Court distinguished the mandatory and directory provisions of Section 908(9) of the Code, 53 P.S. §10908(9), regarding as discrete entities the decision, and the accoutrements thereof. Section 1602(c) of the Upper Macungie Township Zoning Ordinance is eminently susceptible of the same analysis. The conclusion is that within the purview of this subsection, the sole factor to be considered for a "deemed" approval is whether or not the Board has made its decision within 45 days of the hearing on the application.

ORDER

AND Now, this 5th day of March, 1981, the order of the Court of Common Pleas of Lehigh County is affirmed.