**Leo V. MULLEN,**

v.

**ZONING HEARING BOARD OF COLL-INGDALE BOROUGH, Borough of Collingdale, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.
Decided March 4, 1997.
Reargument Denied April 24, 1997.

John H. Toal, Media, for appellant.

Michael P. Dignazio, Media, for appellee, Leo Mullen.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Borough of Collingdale (Borough) appeals a Delaware County Common Pleas Court order that sustained Leo Mullen's appeal of a Borough Zoning Hearing Board (Board) decision and deemed his request for a zoning variance approved.

This case began when Mullen applied for a permit to construct a building on property at 96 Chester Pike, in an area zoned "B Residential" by the local zoning ordinance, for purposes of using the property as a used car sales lot and office. The Borough informed Mullen by letter that his application was denied because the ordinance did not permit him to operate a business in a "B Residential" zoning area. Mullen then appealed to the Board, requesting a variance from the ordinance.

The Board heard testimony at a hearing on July 19, 1995. At the conclusion of the hearing, the Board's chairman stated before Mullen and his counsel that the Board would meet again on Wednesday, August 9, 1995 at 7:30 p.m. to render its decision. (Notes of Testimony, July 19, 1995, p. 59). The Board met at a public work session on August 9, 1995 and a majority of its members orally

voted to deny Mullen's variance request.[1] No minutes were taken of that meeting, the votes were not recorded and neither Mullen or his counsel were present. By letter dated August 11, 1995, the Board's solicitor informed Mullen's counsel that the variance request had been denied. That letter read as follows:

Re: Application of Leo Mullen

Premises: 96 Chester Pike

Dear Mr. Dignazio:

You are hereby notified that a public work session of the Zoning Hearing Board of Collingdale Borough was held on Wednesday, August 9, 1995, at which time the above mentioned application was denied.

The written history, findings of fact and order of the board are in preparation and will be filed in the office of the borough secretary of Collingdale Borough, 800 MacDade Boulevard, Collingdale, PA 19023. You will receive a copy of the written order by mail.

Furthermore, this notice was mailed on the date set forth above by me and shall commence the period of timely appeal in accordance with Act 247, as amended, known as the Pennsylvania Municipalities Planning Code. Any inquiries regarding this matter may be directed to me or the borough secretary.

Very truly yours,

/s/

John H. Toal

On September 8, 1995, Mullen filed an appeal with the trial court, and the Borough intervened. On October 6, 1995, the Board filed a written decision, containing findings of fact, in which it concluded that Mullen failed to present evidence to meet his burden of proving entitlement to a variance.

Subsequently, without taking additional evidence, the trial court reversed the Board's decision. The court did not consider the question of whether the denial of Mullen's variance application was correct on the merits. Instead, the court decided that the variance was deemed approved by the Board under Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[2] 53 P.S. § 10908(9), since the Board did not render a "formal decision" until more than forty-five days after the July 19, 1995 hearing. The court held that the letter from the Board's solicitor was insufficient because there was no evidence that the Board's votes were recorded and thus no evidence that a decision was "rendered." The Borough now appeals to this Court.

■ We are asked to decide in this appeal if the letter written by the Board's solicitor sufficiently complies with section 908(9) of the MPC and therefore whether the trial court erred in finding a deemed approval by the Board. Section 908(9) provides in relevant part:

The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer. Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.... Where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time....

53 P.S. § 10908(9).

A reference to some of our previous cases will demonstrate that resolving the question here is not without certain difficulties. Early in this Court's history, we held that section 908(9) does not mandate a deemed decision in favor of an applicant when a zoning board's written order denying an applicant's request is entered within the forty-five day period but is not accompanied by findings, conclusions and reasoning. *Morgan v. Lower Salford Township Zoning Hearing Board*, 3 Pa.Cmwlth. 362, 283 A.2d 95 (1971).

---

**1.** The trial court found that the meeting was unadvertised, but we are provided no basis for ascribing any import to that fact here.

**2.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

Several years later, in *Quality Food Markets, Inc. v. South Lebanon Township Zoning Hearing Board,* 50 Pa.Cmwlth. 569, 413 A.2d 1168 (1980), this Court had before it a situation where a zoning board held a hearing on an applicant's special exception request. Within forty-five days of that hearing, the board orally denied the request at a meeting with the applicant's counsel present. A written decision was not rendered by the board until after the forty-five day period. We held that there was a deemed approval under section 908(9) based on the following rationale:

> [W]e are unable to find any instance in which we have permitted merely oral communication of the decision to satisfy the MPC's requirement. In addition, we have previously held in *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment,* 1 Pa.Cmwlth. 499, 275 A.2d 896 (1971) that the essence of the 45–day requirement of Section 908(9) of the MPC is the rendering of a written decision within the fixed time, not the giving of notice that a decision has been made.
>
> The most compelling reason, however, for holding that the statute requires written notice is the clear language of Section 908(9) of the MPC ... clearly directs the Board to "render a *written* decision." We believe that in the absence of any ambiguity surrounding the words of the statute we are compelled to require a literal interpretation. See the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

*Quality Food Markets,* 413 A.2d at 1169 (emphasis in original). The rationale in *Quality Food Markets* was followed in *Prospect Park Borough v. Molnar,* 57 Pa.Cmwlth. 99, 426 A.2d 1193 (1981), in which we emphasized that there was an oral board decision but no *written notice* of that decision. *Molnar,* 426 A.2d at 1195.

In *Packard v. Commonwealth,* 57 Pa. Cmwlth. 322, 426 A.2d 1220 (1981), a zoning board's secretary recorded a board's vote at a public meeting denying a building permit application. The board's solicitor then gave notice to the applicant by letter that the board had denied the application. This Court held that, despite an ordinance requirement that each board decision bear the signature of the majority of the board's members, the failure of the members to sign the solicitor's letter did not invalidate the board's decision.[3] Moreover, we held that the solicitor's letter satisfied the MPC requirement that a decision be rendered within the forty-five day period. We stated:

> The Appellant admits that, within the prescribed 45–day period, he received notice that his application had been denied. Precedent clearly indicates that a decision, not supported by written facts and finding, is still valid; the decision is not "deemed" to be in favor of the applicant solely because the findings of fact and conclusions of law are late or absent. It is the decision itself which must be made within 45 days. To reiterate what this Court said in *Heisterkamp v. Zoning Hearing Board of the City of Lancaster,* 34 Pa.Cmwlth. 539, 383 A.2d 1311 (1978):
>
>> [T]he 45–day requirement is satisfied when the decision reached by the zoning board is communicated to the parties even though it is not then accompanied by findings of fact, by an opinion, or by any explanation of the result. Id. at 542, 383 A.2d at 1313.

*Packard,* 426 A.2d at 1221.

Although none of the foregoing cases is exactly on point, *Packard* most resembles the case now before us. The significant distinction in *Quality Food Markets* and *Molnar* is that there was nothing at all set forth in writing during the forty-five day period in those cases. By contrast, in *Packard,* as here, there was a letter from a board's solicitor, signed only by the solicitor, informing an applicant that his request was denied, and the specific issue presented was whether that letter met statutory requirements or was insufficient to avoid a deemed approval under section 908(9). As noted above, we held that there was no deemed approval. The one arguably relevant factual difference between

---

**3.** "We have consistently held that a board's failure to sign the decision does not invalidate that decision." *Piecknick v. South Strabane Township Zoning Hearing Board,* 147 Pa.Cmwlth. 308, 607 A.2d 829, 832 (1992).

*Packard* and this case seems to be that, in *Packard*, the board's secretary recorded the votes of the board's members adjacent to the initials of the members on the cover of the applicant's file. However, although we noted this fact in setting forth the circumstances of that case, we did not attach significance to it. We did not mention it further and did not indicate that our decision would be different if the secretary had not written on the file. Thus, while the trial court in this case emphasized that the votes were not recorded, without citing authority that votes must be recorded, we do not perceive that fact to be a compelling basis on which to distinguish *Packard*.

 In light of the authority we have examined, we glean the following propositions. Within forty-five days of the last hearing on an application before a zoning board, the board must make a decision on the matter and that decision must be communicated to the applicant in writing. Otherwise, assuming the applicant has not agreed to an extension of time, and even if the applicant was informed orally of a decision, there is a deemed approval due to untimeliness. It is not necessary that the decision be accompanied by the usual written appurtenances of an opinion. The decision need not contain signatures of the board's members and may be communicated by an agent of the board in place of the members themselves.

Here, within the forty-five day period there was a definitive written notice to the applicant's counsel, signed by the Board's solicitor, of the Board's adverse decision. Under these circumstances, considering our discussion and the precedent cited, we hold that there was no deemed approval by the Board. We do not condone the Board's failure to take simple steps and we do not minimize the importance of an expeditious *written decision* by the Board itself, but we conclude that the solicitor's letter was sufficient to memorialize the decision made by the Board, satisfy the timeliness requirement

and notify the applicant so that he could take an appeal.

We therefore sustain the Borough's appeal as to the trial court's finding of a deemed approval. Since the court did not rule on the merits of Mullen's appeal from the Board's actual decision, we remand the case to the court to do just that.[4]

Accordingly, the trial court's order is vacated and this case is remanded for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 4th day of March, 1997, the order of the Court of Common Pleas of Delaware County, No. 95–10907, dated June 3, 1996, is hereby vacated and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

4. *See Bishop Nursing Home v. Middletown Township Zoning Hearing Board,* 162 Pa.Cmwlth. 118, 638 A.2d 383 (1994), *petition for allowance of appeal denied,* 538 Pa. 675, 649 A.2d 676 (1994) (trial court not taking additional testimony properly refused to make its own findings where there were late-filed zoning board findings in the record).